**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 21-1424**

GIANCARLO CRUZ-ALVAREZ,

Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted: March 29, 2022                    Decided: March 31, 2022

Before HARRIS, QUATTLEBAUM, and HEYTENS, Circuit Judges.

Petition denied by unpublished per curiam opinion.

**ON BRIEF:** James D. Brousseau, BROUSSEAU & LEE, PLLC, Falls Church, Virginia, for Petitioner. Brian M. Boynton, Acting Assistant Attorney General, Cindy S. Ferrier, Assistant Director, Andrew N. O'Malley, Senior Litigation Counsel, Office of Immigration Litigation, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Giancarlo Cruz-Alvarez (Cruz), a native and citizen of Honduras, petitions for review of an order of the Board of Immigration Appeals dismissing Cruz's appeal from the immigration judge's decision denying his applications for asylum and withholding of removal.[*] We deny the petition for review.

We have considered the parties' arguments in conjunction with the administrative record and the relevant authorities, including our recent holding in *Herrera-Martinez v. Garland*, 22 F.4th 173, 182-85 (4th Cir. 2022) (analyzing the particularity requirement for a social group claim and affirming the Board's ruling that the noncitizen's proposed particular social group (PSG) of "prosecution witnesses, *without any other limitation*, is not sufficiently particular because it is not discrete and lacks definable boundaries" (emphasis added)). *Herrera-Martinez* effectively forecloses Cruz's arguments seeking to establish legal error in the agency's holding that the PSG advanced by Cruz—"witnesses of gang crimes who cooperate with authorities"—was not legally cognizable. Further, the record evidence does not compel a ruling contrary to any of the relevant factual findings, *see* 8 U.S.C. § 1252(b)(4)(B), and substantial evidence supports the agency's holding that Cruz failed to establish a nexus between the claimed past persecution, or feared future

---

[*] Cruz does not challenge the denial of his request for protection under the Convention Against Torture (CAT). Accordingly, this issue is waived. *See* Fed. R. App. P. 28(a)(8)(A); *Cortez-Mendez v. Whitaker*, 912 F.3d 205, 208 (4th Cir. 2019) (explaining that petitioner's failure to address the denial of CAT relief waives the issue).

persecution, and the other advanced statutorily protected ground, to wit: an imputed anti-gang political opinion.

Accordingly, we deny the petition for review. *See In re Cruz-Alvarez* (B.I.A. Mar. 19, 2021). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DENIED*